**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTINA M. DORTCH,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-25-3554** |
| **PHH MORTGAGE CORPORATION, et al.** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Christina M. Dortch filed suit against PHH Mortgage Corporation ("PHH") and the Federal Housing Commissioner ("FHC"). (ECF No. 1.) PHH has participated in this suit, (*see, e.g.*, ECF No. 13), but a default has been entered against FHC (ECF Nos. 33, 34). Dortch has filed a Motion for Default Judgment against FHC. (ECF No. 44.) The Motion will be denied without prejudice for two reasons.

First, "the Court generally does not—and in certain situations cannot—rule on motions seeking default judgment against certain defendants when additional defendants remain in the case." *Frosted Apple, LLC v. Coastal Lab'ys, Inc.*, Civ. No. JKB-22-1128, 2024 WL 3729569, at *1 (D. Md. Aug. 8, 2024). Dortch indicated in the pending Motion that "[a] draft settlement agreement is presently being circulated between counsel" and that PHH and Dortch "expect to finalize the language of such agreement in advance of their scheduled settlement conference before Magistrate Judge Susan K. Gauvey on September 2, 2026." (ECF No. 44 at 2 n.1.) However, no stipulation of dismissal has yet been filed with respect to PHH, and the relevant settlement conference appears to have been cancelled.

Second, Federal Rule of Civil Procedure 4(i) provides that:

> (1) *United States.* To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

The Affidavit of Service with respect to FHC indicates that copies of the summons were delivered to the United States Attorney for the District of Maryland and mailed to the United States Attorney General. (ECF No. 28.) Thus, it appears that the requirements to serve the United States have been met. However, the Affidavit of Service does not indicate whether Dortch complied with the remainder of Rule 4(i)(2), which requires that a copy of the summons and complaint be sent to the agency, here FHC. Thus, any renewed motion for default judgment must address that issue.

Accordingly, it is ORDERED that the Motion for Default Judgment (ECF No. 44) is DENIED WITHOUT PREJUDICE. The parties SHALL FILE a status report within 14 days of this Order.

DATED this 29 day of October, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge